IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANNY SANDERS, #141 012   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 1:12-CV-780-TMH |
| ) | [WO] |
| ANDY HUGHES (SHERIFF), *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently confined at the Bibb Correctional Facility in Brent, Alabama, brings this 42 U.S.C. § 1983 action challenging the conditions of confinement during his incarceration at the Houston County Jail in July and August 2012. Sheriff Andy Hughes, Commander Keith Reed, and Sergeant Kim Turner are the named defendants. Plaintiff requests that: 1) the jail be inspected; 2) jail personnel issue to inmates one role of toilet paper and one bar of soap each week; 3) inmates' plastic drinking cups be washed every day in the jail kitchen; 4) a fine be imposed on the jail; and 5) court costs. Upon review of Plaintiff's complaint, the court finds that this matter is due to be dismissed prior to service under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. THE COMPLAINT

According to the complaint, Plaintiff received a roll of toilet paper on July 20, 2012. On July 29, 2012 and August 5, 2012 Plaintiff asked Defendant Turner for toilet paper, but she denied his requests. Plaintiff also complains that, in accordance with jail rules and procedures, inmates must personally clean their jail-issued plastic cups. He asserts, however, that the water available to inmates for this purpose is lukewarm and the cups, therefore, cannot be sanitized properly. (*Doc. No. 1 at pgs. 2-3.*)

## II. DISCUSSION

*A. Injunctive Relief*

Plaintiff is no longer incarcerated at the Houston County Jail. In the context of a § 1983 action filed by a prisoner, such as this, the law is settled that a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir. 1989) ("[A]n inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."); *Wahl v. McIver,* 773 F .2d 1169, 1173 (11th Cir. 1985) ("[A] n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Accordingly, Plaintiff's claims for injunctive relief are moot

and due to be dismissed. *See County of Los Angeles v. Davis*, 440 U.S. 625 (1979); *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985).

B.  *Conditions*[2]

A prison official has a duty under the Eight Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834.  The objective component requires an inmate to prove that he was denied the "minimal civilized measure of life's necessities." *Id*.  The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).  "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim.

---

[2] It is not clear whether, during the time period in which Plaintiff's alleged constitutional violations at the jail arose, he was a pre-trial detainee or a convicted prisoner.  Pre-trial detainees are protected under the Fourteenth Amendment rather than the Eighth Amendment from conduct that amounts to punishment under the Due Process Clause of the Fourteenth Amendment. *See Lancaster v. Monroe County*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997) (A government official's treatment of a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment . . . while the Cruel and Unusual Punishment Clause of the Eighth Amendment governs an official's treatment of a convicted prisoner.") (citations omitted).  With respect to the applicable standard of review regarding the claims presented herein, however, this is a distinction without difference.  For analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Marsh v. Butler County, Ala.*, 225 F.3d 1243, 1256 (11th Cir. 1000);  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Edwards v. Gilbert,* 867 F.2d 1271, 1274 (11th Cir.1989)

*Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, 837.

Review of a prisoner's allegation concerning a deprivation of personal hygiene items and whether such is sufficient to state a constitutional violation generally depends upon the extent of the violation and the nature of the items withheld. *Chandler,* 926 F.2d at 1064–65. Courts confronted with a claim that prison officials failed to supply personal hygiene items for a temporary period of time have determined that the conduct does not amount to a violation of the Eighth Amendment. *See Harris v. Fleming,* 839 F.2d 1232, 1235–36 (7th Cir.1988) ( failure to provide toilet paper for five days and soap and toothpaste for ten days was insufficient to demonstrate a claim for cruel and unusual punishment under the Eighth Amendment where prisoner did not suffer any physical harm and the conditions were only temporary); *Matthews v. Murphy,* 956 F.2d 275 at *4 (9th Cir. 1992) ( table) (failure to provide soap, towels, toothpaste, and other hygiene items for 34 days not a violation); *Brannon v. White,* 2010 WL 4065109, at *2 (E.D.Mo. 2010) (five days without a shower, one day without clothes, and two days without toilet paper dismissed as frivolous).

Here, Plaintiff's complaint that Defendant Turner denied his request for toilet paper on two occasions, while unprofessional of her and unpleasant for him, does not allege facts

4

which plausibly suggest that the condition of confinement to which he was subjected was sufficiently serious to for purposes of the Eighth Amendment as it fails to describe a condition so extreme so as to violate contemporary standards of decency. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575-76 (11th Cir. 1985). *See also Williams v. Trefz,* 2004 WL 1576708, at *2 (W.D.Wis. 2004) (claim dismissed as frivolous alleging that 12 sheets of toilet paper a week violated Eighth Amendment); *Schaeffer v. Schamp,* 2008 WL 2553474, at *6 (W.D.Pa. 2008) (failure to provide mattress, soap, and toilet paper for ten days not a violation); *Byrd v. Adams,* 2010 WL 184448, at *1 (N.D.Tex. 2010) (one roll of toilet paper a week). Thus, instead of Plaintiff's claim rising to the level of a constitutional violation, his claim describes an unpleasant aspect of prison life which, at most, resulted in a temporary and relatively minor inconvenience and/or discomfort to him.

Similarly, Plaintiff contention that he was unable to clean his plastic drinking cup properly because the temperature of the water available to him for this purpose was only lukewarm is due to be dismissed. Such claim is simply not the type of extreme deprivation that can be described as cruel and unusual punishment. *See Hudson*, 503 U.S. at 9; *Rhodes*, 452 U.S. at 347.

Because the deprivations about which Plaintiff complains are not sufficiently serious to rise to the level of a constitutional violation, his complaint is due to be dismissed as frivolous. *See Neitzke v. Williams*, 419 U.S. 390 (1989); 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judgethat:

1.       Plaintiff's complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i); and

2.       The complaint be DISMISSED prior to service of process.

It is further

ORDERED that Plaintiff may file objections to the Recommendation on or before **October 16, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 1st day of October 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE